# EXHIBIT H

```
                      Proceedings                    167A
```

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CRIMINAL TERM : PART 5
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

EVERTON WAGSTAFF and REGINALD CONNOR,

               Defendants.

                       January 19, 1993

B E F O R E :

          HONORABLE GLORIA GOLDSTEIN,

                            Justice, and a Jury

(Appearances same as heretofore noted.)

        -  -  -  -  -

    (The following took place outside the courtroom in the hallway, defense attorneys not being present)

    THE COURT: Let the record reflect this is an ex parte application being made by the assistant district attorney. The Court has advised Miss Katze of it and she had asked that it be made on the record, and that's what the Court is doing at this time.

    MS. GUTMANN: As Your Honor knows, the main

witness in the case is Brunilda Capella. Miss Capella has been in my office several times, once last week and I also had her in my office last evening. I made arrangements for Miss Capella to be picked up this morning where she's staying with her family. She is not at home. I am having a material witness order drawn up which I will be submitting to the Court for your signature.

THE COURT: This is not an ex parte thing. I don't understand the ex parte part of this. The defense attorneys should be told that the defendant was not where she was supposed to be and that you're going to be giving the Court a material witness order.

MS. GUTMANN: My understanding was that an application for a material witness order was ex parte.

THE COURT: What is the secret of this? I don't understand the secret.

MS. GUTMANN: My understanding is that an application for a material witness order is ex parte. That's why I asked -- informed Your Honor this morning that I had an ex parte application. The papers are being drawn up now.

THE COURT: When you use the term ex parte, it's given to me, but I never believed that the other side didn't know that the Court is signing the order.

MS. GUTMANN: What was my understanding, Your Honor.

THE COURT: It's certainly not my understanding. You could be correct. I just have never, in fourteen years, had an ex parte application for a material witness order.

MS. GUTMANN: That's the way it was, my understanding, it was to be done, Your Honor.

THE COURT: Is that what the statute says?

MS. GUTMANN: I don't have the statute in front of me.

THE COURT: In other words, it's your application to me that I either grant it or don't grant it, but it's not that the defense attorneys are kept in the dark that you're looking for her.

MS. GUTMANN: I don't know that they're entitled to know, Your Honor.

THE COURT: Well, do you have witnesses to fill up today?

MS. GUTMANN: No, I don't.

Proceedings

THE COURT: So, then. [illegible] know. I'm certainly going to [illegible] aren't proceeding.

MS. GUTMANN: They will no [Miss Carell] available today.

THE COURT: No, I will not do it that w[ay] unless you can show me in the statute anything fact, contrary than what I believe it to be.

This record is sealed temporarily.

(Recess taken in proceedings.)

(Proceedings resumed in hallway with defense attorneys still not present)

THE COURT: Indeed, it's an ex parte application, and the defense, according to what we're seeing, need not be told. However, the defense does have to be told the manner in which a witness is brought in. If the witness is brought by subpoena, if the witness is brought in by material witness order, they're to have to be told in any event.

MS. GUTMANN: Your Honor, what I want to do have the order signed. Whether or not my detective have to actually execute it or not, I don't know yet.

Proceedings                                    171/1

THE COURT: Oh, no, now this is my turf, once that order is signed. Either your give me the order to sign or you don't.

MS. GUTMANN: Yes.

THE COURT: Once you give me the order to sign, once I sign it, you must have it executed. You have no alternative. You cannot say it does not have to be executed. It's a direction to an officer to bring that person straight before this Court, not in your office, not anywhere else, but straight to Court.

MS. GUTMANN: What is the witness comes with the officers voluntarily?

THE COURT: Oh, no, there's no such thing as voluntarily anymore, because this is an order of this Court to bring her in. There's no voluntarily anymore. So, you cannot say now if she comes in voluntarily. You must execute that order. If I'm not sitting and it's in the middle of the night, you have to bring her to 120 Schermerhorn Street where they'll determine what bail, if any, should be put on her. But, this is out of your domain. This is an execution that must be conducted because you've given me an order. If I've signed it, it must be

Proceedings                               172A

complied with.

    MS. GUTMANN: Yes, I understand that, Your Honor, but --

    THE COURT: There's no voluntary after that.

    MS. GUTMANN: Okay.

    THE COURT: I've had this out with your office now for fourteen years. There is absolutely no voluntary after that.

    MS. GUTMANN: In other words, we have a warrant on her based on her not coming?

    THE COURT: Right.

    MS. GUTMANN: And if she says to the detectives that she will come, obviously, I will bring her before this Court to have the warrant vacated.

    THE COURT: It will be for the Court to determine if it's vacated or not, not you. You must bring her directly to this Court. They have to proceed as they proceed with any warrant. They must bring her directly to the Court, not to you, not to your office, not to anyone else, directly to this Court, and this Court will determine if bail should be put on or anything else. Of course, the defense attorneys will know.

Proceedings                                173A

MS. GUTMANN: They will know if the warrant has been vacated. They will be given --

THE COURT: Whatever it is, and they will know that I signed the material witness order.

At this time, this is sealed.

(Whereupon the proceedings resumed back in open court.)