# EXHIBIT N

## CASE, WITNESS & TRIAL PREPARATION TIPS FOR NEW PROSECUTORS

*The following tips are meant as basic guidelines for case, witness and trial preparation. These instructions are not exhaustive. Each case is unique and factually specific. Cases, especially those on for hearings and trial, should be conferenced with an appropriate supervisor.*

*Catherine Dagonese*
*Director Legal Training*
*September 2014*

### I. ORGANIZE & KNOW YOUR FILE

- Read all paperwork in the file
    - Note unanswered questions, possible inconsistencies in paperwork, what paperwork is missing, and what follow-up is needed (order medical records, interview eye witness, get results of lab testing etc.)

- Use Court Action Sheet to document status of case, case conferences, interactions with witnesses

- Organize files so that paperwork is easily accessible
    - Create Folders:
        - Defendant's Criminal History
        - Police/Arrest Reports
        - Medical records
        - KCDA Paperwork (ECAB sheet, complaint etc)
        - Correspondence (include emails received and sent pertaining to case)
        - 911/Sprint
        - Photographs
        - Case Law
        - Witness Contact Information
        - Miscellaneous
        - Vouchers
        - Work Product

    - Create Witness Folders: Create a separate folder for each civilian and police witness and place copies of any paperwork they

1

UCS 001188

generated or are named in inside each folder. For instance, if Detective Jones generates a report of an interview with complainant Mary Doe, a copy of that report should go in each of their folders.

- Have a System in Place so that Files can be Located and Retrieved Easily:
    o Alphabetically
    o By Court date
    o Assign Cabinet Drawers by Status of Case (DBS, Conversion, Trial, To Be Sentenced etc)

- Use daily or weekly "To Do" lists or checklists to keep on top of any action needed on upcoming cases

- Review pending cases on a regular basis to make sure you are aware of and meeting deadlines (170.70, 30.30 etc.)

- Prioritize Cases: Is defendant incarcerated? Is the case sensitive? Is the case on for hearings or trial?

II. **DISCOVERY & ROSARIO**

- ==Obtain all necessary Discovery and Rosario== materials, including but not limited to:
    o Police Reports
        - Arrest reports, complaint reports (typed and handwritten), Unusual Activity Reports, Aided Cards
        - Memo book Entries
        - Vouchers
        - ==Detective DD5s **(Copy ENTIRE Detective File!)**==
        - ==Handwritten notes by Detectives, Officers==
    o Medical Records
    o Witness Statements
    o Photographs
    o Crime Scene Diagrams & Reports

2

UCS 001189

- o Forensic Testing Requests and Laboratory Reports
- o 911 Tapes/Sprint Reports
- o EMT/ACR Reports
- o Domestic Incident Reports
- o ACS Reports
- o Search Warrants and Affidavits
- o Handwritten notes by ADA
- o Grand Jury testimony
- o KCDA paperwork (ECAB Sheet, Scratches if case ridden, GJ Synopsis Sheet)

- Redact any necessary sensitive or confidential information:
    - o Addresses, phone numbers, social security numbers, dates of birth
    - o Confidential Informant names and identifying information

- Document All Discovery/Rosario/Brady Turned Over to Defense Counsel:
    - o In Court, place it on the record
    - o By Mail, send it Return Receipt Requested & keep copy of proof of mailing and receipt

- Create Discovery Folders:
    - o Discovery Turned Over: Keep copies of everything you have already disclosed with the date and method of disclosure (i.e. in Part AP5 on 4/30/14)
    - o Outstanding Discovery: What you still need to obtain and/or turn over. When you receive materials that you need to turn over, place them in this folder so that you know that you either have to mail them out or turn them over on the next court date

- Before Hearings or Trial, Make a Complete List of Discovery that was Turned Over:
    - o Have defense counsel review it and endorse it, keep a copy for your file and make original part of court file

3

III. **CASE CONFERENCE CHECKLIST & OTHER CONSIDERATIONS:**
Before you announce ready for a hearing or trial, you must conference your case with an appropriate supervisor. Below are questions you should be prepared to discuss when conferencing your case. This list is not exhaustive but should be used as a guide when evaluating and conferencing your cases.

- ==Have you brought in and spoken to all necessary police and civilian witnesses==

- ==Are your civilian witnesses cooperative==
    - Do they return calls
    - ==Have you sent "Come See Me" letters==
    - If not cooperative, what is the reason

- Are your witnesses available
    - Check with roll call for PO availability/RDO
    - Have you been in recent contact with civilian witnesses
    - Are interpreters needed and if so, are interpreters available

- ==Have you run Rap Sheets on your witnesses==
    - ==If Prior Criminal History, order files/police paperwork==
    - ==Must disclose prior bad acts of== witnesses but DO NOT Turn Over NYSIDs

- Does the defendant have a criminal history
    - Does defendant have any violent felony or misdemeanor convictions. What were the circumstances? Have you ordered old files or police paperwork?

- ==Has all Discovery/Rosario/Brady material== been turned over

- Are the parties known to each other
    - Is there a history of abuse
    - Was it reported
    - Obtain prior DIRS/61s/case files

- Are there any third party admissions by defendant

4

- How compelling is your witness
    - What are witness's strengths and weaknesses

    - What is the extent of any injuries

    - How well does witness articulate incident

    - Is there corroboration

    - What is your witness's level of interest in proceeding

    - Does witness have a civil lawsuit pending against anyone as a result of incident

    - Has witness testified at other proceedings (ex. Family Court); You may have to obtain the minutes.

    - Have you ordered NYSIDS on all your civilian witnesses

    - ==If your witnesses have criminal histories, have you spoken to them about the circumstances?== Were they candid? Did you order case files if Brooklyn cases?

- If defendant is incarcerated, do you want/need visitor and/or telephone records from Riker's

- Any Excited Utterances (911 call or statements to other witnesses)

- Do You need any certified documents to prove elements of the crime (Orders of Protection, Fingerprints, Certificates of Conviction)

- Have you examined any physical evidence recovered:

5

UCS 001192

- o If you have a reason why the <u>Molineux</u> evidence is relevant, make the argument even if the reason does not fall into one of the classical exceptions.

- o You must obtain a pre-trial ruling from the court before eliciting any <u>Molineux</u> evidence on your direct case.

- **<u>OTHER PRE-TRIAL MOTIONS</u>:**
  - o Admissibility of photographic or other demonstrative evidence
  - o Motions to preclude anticipated improper or irrelevant evidence by defense such as character evidence, hearsay, collateral evidence, expert testimony that is not relevant or does not meet <u>Frye</u> standards

## VI. <u>BASIC TRIAL PREPARATION TIPS</u>

- Prepare a witness list of anticipated People's witnesses for the court and counsel.

- Make a chart of all exhibits you intend to offer at trial, their exhibit number, and the witness who will lay the foundation for its admission. During the trial, indicate on the chart, if evidence was admitted.

- ==Write out all direct examinations, opening== statement, voir dire, summation

- ==Develop a Theory and Theme==
  - o Theme is a general storyline of the case
  - o Something that will resonate with the jury and make them care

- Where possible, present evidence in a clear chronological order
  - o Another way is to start and end trial with most compelling witnesses or evidence

11

UCS 001198