THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
kthadani@law.nyc.gov

May 27, 2025

**VIA ECF**
Honorable Hector Gonzalez
U.S. District Judge
U.S. District Court
Eastern District of New York

Re:   Maddix v. City of New York, et al., 25 cv 01909 (HG)

Your Honor:

I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City respectfully writes concerning the "joint" letter plaintiff filed on the docket earlier today. *See* Dkt. No. 21.

By way of background, on May 19, 2025, the Court ordered the parties to "prepare a joint submission . . . on or before May 27, 2025" concerning defendants' motion for a stay of discovery. Dkt. Entry. Dated May 19, 2025.

On May 20, 2025, plaintiff asked that defendants provide their draft of the joint letter "by the close of business on May 23 and in no event later than May 25." On May 23, 2025, at approximately 2:25 p.m., I sent plaintiff a draft joint letter including defendants' positions. On May 25, 2025, at approximately 10:06 p.m., I sent the parties a revised joint letter, which reflected some changes made to defendant City's position.

On May 27, 2025, plaintiff filed a purported "joint" letter without first sending a revised draft to the parties. Thus, prior to filing, the defendants had no opportunity to review plaintiff's position or consider whether they wanted to make any edits to their respective positions. Moreover, when asked why plaintiff proceeded in this manner, plaintiff responded, *inter alia¸*"[y]ou did not request to see our portion of the letter. If you would have requested to see our portion of the letter before filing, then **I would have declined**." (emphasis added). Thus, the letter filed on the docket by plaintiff cannot be properly characterized as a "joint submission" or as a "single letter, jointly composed." Section IV.A.1., Individual Practices of Hector Gonzalez.

Mindful of Your Honor's Individual Practices, which state that "separate and successive letters will not be reviewed," but, at the same time, compelled to inform the Court of the manner in which the "joint" letter was drafted and filed, and further compelled to inform the Court of what it would have added to its position had it had the opportunity to do so, defendant City briefly responds to plaintiff's position as follows:

Plaintiff has not cited to any legal authority to support the proposition that a defendant may be equitably estopped from raising that a plaintiff's claims are barred by *Heck*. Ignoring, *inter alia*, the heightened pleading standard of Rule 9(b), plaintiff also incorrectly asserts that equitable estoppel cannot be resolved on a motion to dismiss. *See, e.g., Abercrombie v. College*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) ("**If properly pled**, allegations of equitable estoppel normally create questions of fact which cannot be determined at a motion to dismiss. However, **without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds**.") (emphasis added). Finally, plaintiff's arguments concerning equitable estoppel do not alter the conclusion that all of plaintiff's claims should be dismissed for the other reasons set forth in defendant City's position, including, *inter alia*, his insufficient allegations concerning coercion and fabrication, and that defendant Reeves is entitled to absolute immunity, as plaintiff appears to concede, which thus defeats plaintiff's claims against defendant City due to the absence of an underlying constitutional violation.

Thank you for your consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

cc:     **BY ECF**
        All counsel of record

2