UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIE MADDIX,

                Plaintiff,

        v.

THE CITY OF NEW YORK, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., and KYLE REEVES,

                Defendants.

**DISCOVERY ORDER**
25-CV-01909 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Defendants the City of New York, Marriott Hotel Services, Inc., and Marriott International, Inc. (together, the "Moving Defendants") move for a stay of discovery in this case. *See* ECF Nos. 19, 21, 22. Plaintiff opposes that motion. *See* ECF Nos. 20, 21. For the reasons explained below, the motion to stay is GRANTED pending the outcome of the Moving Defendants' forthcoming motions to dismiss.

## BACKGROUND

    The Court assumes familiarity with the factual allegations in this case and only briefly recounts them here for context.[1] According to the Amended Complaint, Plaintiff was arrested in 1993 for the murder and shooting of two victims, respectively, and Defendant Kyle Reeves, an assistant district attorney in Brooklyn, was assigned to the case. *See* ECF No. 5 ¶¶ 20–22 ("AC"). Plaintiff alleges that at his 1993 trial, the "star witness," Robert DeJesus, refused to

---

[1] The Court "recite[s] the substance of the allegations as if they represent[] true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

testify. *Id.* ¶ 50.  ADA Reeves obtained a material witness warrant for DeJesus, but rather than bringing him to Court, detective investigators with the Brooklyn District Attorney's office held him at a Marriott hotel in East Elmhurst, where he was not permitted to leave nor contact outsiders. *Id.* ¶¶ 26, 50–57.  After ADA Reeves promised to release him if he cooperated, DeJesus agreed to testify. *Id.* ¶¶ 59, 61.  Neither ADA Reeves nor anyone else disclosed this information to Plaintiff. *Id.* ¶ 72.  A jury acquitted Plaintiff of murder but convicted him of criminal possession of a weapon in the second degree, and the court sentenced him to five to 15 years' imprisonment. *Id.* ¶¶ 78–79 & n.12.  Plaintiff was released from prison in 2012. *Id.* ¶ 100.  Plaintiff first learned of what he called the "*Brady/Giglio* material" on December 18, 2024, when a researcher working on an unrelated case discovered it through a public records request. *Id.* ¶ 103.  This suit followed.

## LEGAL STANDARD[2]

"Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Zou v. Han*, No. 23-cv-2370, 2024 WL 707285, at *5 (E.D.N.Y. Feb. 21, 2024).  In assessing good cause, courts look to "the particular circumstances and posture of each case." *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-cv-8959, 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024).  When evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the [d]efendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.*; *accord Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  "Courts also may take into consideration the nature and

---

[2] This framework is adopted from Chief Judge Brodie's decision in *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 10 (E.D.N.Y. 2024).

2

complexity of the action, whether some or all of the [d]efendants have joined in the request for a stay, and the posture or stage of the litigation." *Amron*, 2024 WL 263010, at *2.

## DISCUSSION

The Court begins with a procedural matter. Initially, the Moving Defendants jointly sought an adjournment of various deadlines including, as relevant here, the submission of a proposed case management plan, pending the outcome of their forthcoming motions to dismiss. *See* ECF No. 19. Plaintiff opposed that request. *See* ECF No. 20. The Court construed the initial letter as a motion to stay discovery and ordered the parties to provide a joint submission concerning the relevant stay factors just discussed. *See* May 19, 2025, Text Order. The Court allowed the parties to file an oversized letter so that they could adequately discuss the first factor concerning the merits. *See id.* Plaintiff filed the joint letter on May 29, 2025. *See* ECF No. 21. The City later filed another letter, in which it indicated that Plaintiff did not provide the City with an opportunity to review his submission before he filed the joint letter, and further represented that Plaintiff's counsel stated that he would not have allowed the City to review Plaintiff's portion before filing. *See* ECF No. 22 at 1. That is regrettable because the very purpose of the joint letter requirement is to encourage dialogue between litigants and the resolution of disputes without Court intervention. Although ultimately immaterial to this decision, the Court will consider the City's slightly amended language provided in its follow-up letter. *See id.* at 2. The Court now proceeds to a discussion of the stay factors.

**I.    Merits**

The first factor is whether Defendants have made a "strong showing" that Plaintiff's claims are unmeritorious. *Palladino*, 730 F. Supp. 3d at 10. The thrust of Defendants' argument, *see* ECF No. 21 at 2, is that Plaintiff's conviction was never invalidated, and so it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that "a plaintiff may not

3

maintain an action for damages under § 1983 if prevailing in that action would necessarily imply the invalidity of his conviction," *Chapman v. Fais*, 540 F. Supp. 3d 304, 306 (E.D.N.Y. 2021).[3] For his part, Plaintiff says that there is an exception to *Heck* where federal habeas relief is unavailable. *See* ECF No. 21 at 8–9. As Judge Cogan has commented, the law surrounding the applicability of *Heck* to a non-incarcerated plaintiff remains "controversial" in this Circuit. *Chapman*, 540 F. Supp. 3d at 307. As such, it would be premature for the Court to wade into this complex and hotly contested issue in the context of a discovery motion and without the benefit of full briefing. *Cf. Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2019) (court "unable to fully assess the strength of the pending motion, since it only recently was filed"). Nevertheless, in view of the authority cited by Defendants concerning the applicability of *Heck* where a plaintiff did not seek relief through, among other things, a state collateral proceeding, *see Chapman*, 540 F. Supp. 3d at 307, they have raised a "substantial argument[]" for dismissal, *Palladino*, 730 F. Supp. 3d at 11.

The Court views Defendants' timeliness challenge similarly. *See* ECF No. 21 at 3. Plaintiff appears to at least partially concede this point, acknowledging that he must rely on equitable estoppel. *See id.* at 9. But that is an "extraordinary remedy that should be invoked sparingly and only under exceptional circumstances." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 172 (S.D.N.Y. 2019). Necessarily, then, Defendants have raised a substantial statute of limitations defense.

The Marriott Defendants' argument that Plaintiff fails to plausibly allege state action, as is required for his Section 1983 claim, is also well taken. *See* ECF No. 21 at 5–6. Specifically,

---

[3]   Plaintiff argues that various threshold issues discussed here cannot be resolved on a motion to dismiss at all. *See* ECF No. 21 at 7–8. That view is too categorical. Issues like the *Heck* and time bar may be amenable to resolution at this stage. *See, e.g.*, *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450 (E.D.N.Y. 2018).

4

the Court agrees that "operating a hotel and renting hotel rooms are not 'the kind of decisions traditionally and exclusively made by the sovereign for and on behalf of the public.'" *Id.* (quoting *Lurch v. City of New York*, No. 19-cv-11253, 2021 WL 1226927, at *3 (S.D.N.Y. Mar. 31, 2021)). Plaintiff provides a variety of responses to try to get around this problem, stating that the Marriott Defendants were state actors "under joint conduct, aiding and abetting[,] and civil conspiracy theories." ECF No. 21 at 10. But his position is imprecise with regard to how these theories function in the context of his claims, and courts must be careful in deeming private parties to be state actors because it "subject[s] [them] to the substantial cost and disruption incurred . . . in the discovery phase of these lawsuits." *Harrison v. New York*, 95 F. Supp. 3d 293, 323–24 (E.D.N.Y. 2015). Accordingly, the Court finds the Marriott Defendants' position on this issue, *see* ECF No. 21 at 5–6, to be weighty.

Moreover, the Court also considers that Plaintiff has voluntarily dismissed ADA Reeves from this action, as well as his second cause of action alleging denial of court access under the First Amendment. *See id.* at 10.[4] That means that there has already been some trimming of the Amended Complaint even before a motion to dismiss has been filed. And although the law of this Circuit makes clear that ADA Reeves need not be a Defendant for Plaintiff to maintain his *Monell* claim, *see Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013), Plaintiff's theory of constitutional injury still hinges (at least in significant part) on ADA Reeves's conduct, *see* ECF No. 21 at 9–10, and Plaintiff fails to engage with the City's argument that ADA Reeves's absolute prosecutorial immunity is fatal to any *Monell* claim, *see Malik v. City of New York*, 841 F. App'x 281, 284–85 (2d Cir. 2021), a question the Court need not definitively resolve now.

---

[4] Pursuant to Rule 41(a)(1)(A)(i), Defendant Reeves and the second cause of action are dismissed.

The parties raise additional arguments about the viability of Plaintiff's claims, but the Court need go no further in light of these gating issues. *See Amron*, 2024 WL 263010, at *3 (granting stay where threshold issues of release and *res judicata* appeared to bar plaintiff's claims). Because there are "substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate." *Palladino*, 730 F. Supp. 3d at 11.

## II.  Breadth and Burden

Defendants argue that the scope of discovery in this case is likely to be significant given its "nature . . . and the age of the criminal prosecution." ECF No. 21 at 1–2 & n.1, 7. Plaintiff does not meaningfully engage with this argument, and the Court agrees with Defendants. The Amended Complaint is sprawling and spans nearly 70 pages. Discovery will stretch back to at least 1993. *See* AC ¶ 20. A search for such old records, likely maintained in paper form, will be time-consuming and expensive. *See* Fed. R. Civ. P. 26(b)(1). These burdens are compounded by various *Monell* claims. *See Chesney*, 236 F.R.D. at 116 (with respect to municipal defendants, "[c]ompliance with discovery in the posture of this case would result in a substantial diversion of public resources which may not be ultimately necessary in this action"). Given the contingent nature of such claims, discovery on them is "often stay[ed] . . . until enough information is available on the individual claims." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021). The burden is especially great here. Plaintiff brings three different *Monell* claims against different Defendants, one of which spans a 23-year period and has 12 different prongs. *See* AC ¶¶ 153–54. This factor clearly favors the Moving Defendants.

## III.  Prejudice

Finally, the risk of prejudice to Plaintiff is low. He explains that, given the age of the case, there is a risk of witnesses dying and other evidence being lost. *See* ECF No. 20 at 1. The second issue is entitled to little weight, where "there is currently nothing to suggest that

Defendants are failing to comply with their retention obligations." *See Uddin v. Elsevier, B.V.*, No. 24-cv-06409, Oct. 30, 2024, Text Order (E.D.N.Y filed Sept. 12, 2024) (granting partial stay). And the problem of memories fading and witnesses passing away exists in every case; given the age of this one, to the extent those risks exist, they have likely already materialized. *Cf. O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay."). Other factors also dilute the force of Plaintiff's contention. For one, he already appears to have a lot of relevant evidence considering the 22 exhibits attached to the Amended Complaint and other extrinsic evidence referenced therein. *See Harrison v. Loc. One*, No. 24-cv-08619, Apr. 23, 2025, Text Order (E.D.N.Y. filed Dec. 17, 2024) (granting stay where it was "clear that Plaintiffs already ha[d] a significant amount of evidence related to their claims" based on "the many exhibits attached to the amended complaint."). Plus, "this case is still in its early stages." *Palladino*, 730 F. Supp. 3d at 14. So granting a stay would not interfere with an existing schedule nor any ongoing discovery activities. At most, this factor weakly supports Plaintiff.

*     *     *

## **CONCLUSION**

In view of the above, the balance of factors clearly favors the Moving Defendants. With that in mind and in considering the posture of the case, the Court exercises its discretion to stay discovery pending the outcome of the forthcoming motions to dismiss. Accordingly, the Court vacates its prior scheduling order, and the parties need not submit a joint letter or proposed case management plan at this juncture. *See* ECF No. 11. The Clerk of Court is respectfully directed to terminate Defendant Reeves from the docket.

      SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated:  Brooklyn, New York
         May 29, 2025