Docket No. 25 CV 1909 (HG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIE MADDIX,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### *MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I       PLAINTIFF'S CLAIMS ARE ENTIRELY PREMISED ON SPECULATIVE, CONCLUSORY AND INSUFFICIENT ALLEGATIONS ....................................................... 1

    POINT II      PLAINTIFF'S CLAIMS ARE TIME-BARRED.......................................... 5

    POINT III    PLAINTIFF'S CLAIMS ARE BARRED BY HIS CONVICTION.............................................................................................. 7

    POINT IV    PLAINTIFF'S CLAIMS ARE BARRED BY *ROOKER-FELDMAN* ................................................................................ 9

    POINT V     PLAINTIFF CANNOT PLEAD A CONSTITUTIONAL VIOLATION BECAUSE ADA REEVES IS PROTECTED BY ABSOLUTE IMMUNITY..................................................................................... 10

CONCLUSION........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

*Bonilla v. Smithfield Assocs. LLC*,
    No. 09 Civ. 1549 (DC),
    2009 U.S. Dist. LEXIS 116233 (S.D.N.Y. Dec. 4, 2009) ......................................................3

*Cotton v. Noeth*,
    96 F.4th 249 (2d Cir. 2024) ...................................................................................................7

*Epps v. City of Buffalo*,
    No. 19-CV-281-LJV-LGF,
    2023 U.S. Dist. LEXIS 83282 (W.D.N.Y. May 11, 2023) ......................................................7

*Ermichine v. United States*,
    06 Civ. 10208 (LAP) (JLC),
    2011 U.S. Dist. LEXIS 51099 (S.D.N.Y. May 12, 2011).........................................................7

*Haywood v. Annucci*,
    No. 18-CV-10913 (KMK),
    2022 U.S. Dist. LEXIS 169934 (S.D.N.Y. Sep. 20, 2022).......................................................3

*Laface v. E. Suffolk BOCES*,
    349 F. Supp. 3d 126 (E.D.N.Y. 2018) ....................................................................................2

*Lewis v. Essex Cty.*,
    No. 8:24-CV-100,
    2024 U.S. Dist. LEXIS 184013 (N.D.N.Y. Oct. 8, 2024) .....................................................10

*Malik v. City of N.Y.*,
    841 F. App'x 281 (2d Cir. 2021) ...........................................................................................10

*Opperisano v. Jones*,
    286 F. Supp. 3d 450 (E.D.N.Y. 2018) ................................................................................5, 8

*Polanco v. City of N.Y.*,
    No. 16-CV-09196-LTS,
    2018 U.S. Dist. LEXIS 108337 (S.D.N.Y. June 27, 2018).................................................. 3-4

*Reyes v. Sears Holdings Corp.*,
    No. 2:17-cv-4719 (RJD) (RML),
    2019 U.S. Dist. LEXIS 133787 (E.D.N.Y. Aug. 7, 2019)........................................................7

*Rowe v. Old Dominion Freight Lines, Inc.*,
    No. 21-CV-4021 (KMK),
    2022 U.S. Dist. LEXIS 107860 (S.D.N.Y. June 16, 2022)...................................................2, 3

**Cases**                                                                                           **Pages**

*Tenamee v. Schmukler*,
    438 F. Supp. 2d 438 (S.D.N.Y. 2006)................................................................ 6-7

*United States v. Hunter*,
    32 F.4th 22 (2d Cir. 2022) ...............................................................................4

*United States v. Preldakaj*,
    456 F. App'x 56 (2d Cir. 2012) .......................................................................4

*Wiggins v. Mellia*,
    No. No. 14-591-cv,
    2023 U.S. App. LEXIS 25389 (2d Cir. Sept. 26, 2023) ..............................................8

*Williams v. City of N.Y.*,
    No. 21-CV-3005 (ENV) (RML),
    2025 U.S. Dist. LEXIS 193654 (E.D.N.Y. Sept. 27, 2025)....................................5, 6

**Statutes**

42 U.S.C. § 1983..............................................................................................8

Fed. R. Civ. P. 12(b)(6).....................................................................................11

N.Y. C.P.L. § 440.10 ........................................................................................8

**PRELIMINARY STATEMENT**

While plaintiff spills much ink in his 50-page opposition generally discussing his views concerning several legal principles, including the application of *Heck v. Humphrey*, the accrual of the statute of limitations, and equitable estoppel and tolling, he entirely fails to address the most fundamental of flaws concerning his pleading: it is entirely premised on speculative, conclusory and insufficient allegations. Plaintiff does not dispute that he hasn't sufficiently pled (i) that Robert DeJesus was coerced to testify at trial, (ii) that Mr. DeJesus was coerced to testify falsely and (iii) that any alleged coercion was material. At bottom, by doing no more than repeatedly reciting the phrase "*Brady/Giglio* material," plaintiff asks this Court to disregard and effectively reverse a 30-year-old criminal jury verdict, rendered after two eyewitnesses, including a shooting victim, implicated plaintiff, purely because one witness stayed in a hotel room paid the weekend before he testified. Plaintiff's claims further fail because (i) they are time-barred regardless of whether the *Heck* bar applies and plaintiff has not sufficiently pled equitable estoppel or tolling, (ii) they are barred by *Heck*, (iii) they are barred by the *Rooker-Feldman* doctrine, and (iv) plaintiff cannot establish an underlying constitutional violation as ADA Reeves's alleged acts are protected by absolute immunity. Thus, defendant City of New York ("City") should be dismissed.

**ARGUMENT**

**POINT I – PLAINTIFF'S CLAIMS ARE ENTIRELY PREMISED ON SPECULATIVE, CONCLUSORY AND INSUFFICIENT ALLEGATIONS**

In its motion for summary judgment, as well as in four separate pre-motion filings, defendant City explained that plaintiff's claims should be dismissed because (i) they are all premised on the purely speculative and conclusory allegation that ADA Reeves coerced Robert DeJesus to testify at plaintiff's criminal trial and, in any event, (ii) plaintiff fails to allege that ADA Reeves coerced Mr. DeJesus to testify falsely. *See* Dkt. No. 30 at 16-18; Dkt. No. 19 at 2; Dkt.

No. 21 at 3-4; Dkt. No. 22 at 2; Dkt. No. 25 at 3.  Defendant City further argued that plaintiff's claims should be dismissed because plaintiff has not alleged that the supposed coercion of Mr. DeJesus was sufficiently material since the true "star" witness in plaintiff's criminal trial, the surviving victim, Larry Blutcher, testified that he observed plaintiff, whom he knew, leaning over him holding a firearm in his right hand.  *See* Dkt. No. 30 at 19; Dkt. No. 21 at 4; Dkt. No. 25 at 3.

Tellingly, plaintiff does not address any of these arguments at all in any of his three pre-motion filings.  *See* Dkt. Nos. 20, 21, 26.  And, even more tellingly, in his opposition to defendant City's motion for summary judgment, which spans 50 pages, spread across two memoranda of law, plaintiff spends just one half-page paragraph confusingly and misleadingly contending merely that defendant City's argument is a "red herring" because he "never pled a coercion claim."  Dkt. No. 34 at 6-7.  Instead, plaintiff claims that he "alleges three predicate constitutional violations:  a violation of (1) his right to disclosure of *Brady/Giglio* material during trial; (2) his right to not have knowingly false or misleading testimony and argument used at his trial; and (3) his post-conviction due process right to ongoing disclosure of *Brady/Giglio* material suppressed during his trial, and to petition for relief."  Dkt. No. 34 at 6.

As an initial matter, plaintiff's failure to meaningfully address defendant City's arguments constitutes an abandonment of his claims.  Indeed, "[i]t is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims."  *Rowe v. Old Dominion Freight Lines, Inc.*, No. 21-CV-4021 (KMK), 2022 U.S. Dist. LEXIS 107860, at *16 (S.D.N.Y. June 16, 2022) (internal quotation  marks and citation omitted); *see also, e.g., Laface v. E. Suffolk BOCES*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) ("District courts in this circuit have found that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'")  (citation

2

omitted).  "[A] court may draw an even stronger inference of abandonment when a plaintiff responds to certain arguments in a motion but not others." *Haywood v. Annucci*, No. 18-CV-10913 (KMK), 2022 U.S. Dist. LEXIS 169934, at *43 (S.D.N.Y. Sep. 20, 2022); *see also, e.g., Rowe*, 2022 U.S. Dist. LEXIS 107860, at *17 ("That Plaintiffs chose to dispute some, but not all, of Defendant's arguments only underpins th[e] conclusion" that "[p]laintiffs' failure to discuss, let alone rebut, Defendant's argument can be considered nothing other than abandonment"); *Bonilla v. Smithfield Assocs. LLC*, No. 09 Civ. 1549 (DC), 2009 U.S. Dist. LEXIS 116233, at *11 (S.D.N.Y. Dec. 4, 2009) ("Plaintiff, however, fails to respond to the remaining two arguments . . . . Accordingly, plaintiff has effectively abandoned the . . . claims.").

In any event, plaintiff completely misses the mark and attempts to obfuscate his allegations in order to avoid dismissal.  It does not matter whether plaintiff "pled a coercion claim" or not because it cannot reasonably be disputed that all of plaintiff's claims, and indeed this entire lawsuit, are premised on the allegation that ADA Reeves coerced Mr. DeJesus to testify at trial.  Indeed, there is no "*Brady* or *Giglio* material" in the first place without the alleged underlying witness coercion (and, as explained in defendant City's initial memorandum of law, coercion to testify falsely).  Plaintiff's pleading makes this clear.  *See, e.g.,* Amended Complaint (Dkt. No. 5) at ¶ 62 ("Reeves's coercion of DeJesus's trial testimony was *Brady/Giglio* material Reeves was obligated to disclose to Maddix and his attorney."); *see also, e.g., id.* at ¶ 95 (describing "the coercion leading to DeJesus's trial testimony" as "the *Brady/Giglio* material").  Nor could there be "false or misleading testimony and argument" without the coercion of Mr. DeJesus to testify falsely.  Plaintiff cannot survive dismissal merely by hiding his deficient allegations behind conclusory proclamations of a *Brady/Giglio* violation and "false or misleading testimony."  *See e.g., Polanco*

3

*v. City of N.Y.*, No. 16-CV-09196-LTS, 2018 U.S. Dist. LEXIS 108337, at \*14 (S.D.N.Y. June 27, 2018) ("[M]ere 'labels and conclusions' are insufficient to survive a motion to dismiss.").

Ultimately, plaintiff does not refute that his allegations of coercion are speculative, conclusory, unsupported and, quite frankly, nothing more than wishful thinking. Plaintiff also does not dispute that he failed to allege that Mr. DeJesus was coerced to testify falsely.

On top of all that, plaintiff also does not even oppose defendant City's argument that, even had Mr. DeJesus been coerced to testify falsely, or coerced at all, his claims still fail because such coercion would not be sufficiently material considering Mr. Blutcher's testimony at plaintiff's criminal trial. *See, e.g., United States v. Hunter*, 32 F.4th 22, 31 (2d Cir. 2022) ("Under *Brady*, the prosecution is required to disclose evidence 'where the evidence is *material* either to guilt or to punishment. . . . Evidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. . . . 'Where the evidence against the defendant is ample or overwhelming, the withheld *Brady* material is less likely to be material than if the evidence of guilt is thin.'") (citation omitted) (emphasis in original); *United States v. Preldakaj*, 456 F. App'x 56, 59 (2d Cir. 2012) ("*Giglio*, however, compels disclosure only of evidence which is deemed to be 'material.'").

All plaintiff has sufficiently pled in support of any underlying constitutional violation is that Mr. DeJesus, who had previously (i) told a police detective that he saw plaintiff firing a weapon, (ii) made two sworn audiotaped statements to the KCDA implicating plaintiff, (iii) identified plaintiff in a lineup, and (iv) testified before a grand jury, spent the weekend prior to his trial testimony in a hotel room following the issuance of a material witness warrant. That fact alone does not constitute *Brady/Giglio* material nor has plaintiff cited any legal authority to support that it does or otherwise argue that it does.

4

Accordingly, plaintiff has not sufficiently alleged a constitutional violation underlying his *Monell* claims against defendant City and, therefore, they should be dismissed.

**POINT II – <u>PLAINTIFF'S CLAIMS ARE TIME-BARRED</u>**

As an initial matter, as defendant City explained in its initial memorandum, because plaintiff's conviction has not been reversed or otherwise invalidated, plaintiff's claims in this action have not even accrued. In opposition, plaintiff relies on the argument that the *Heck* bar does not apply because he is not in custody and, therefore, not able to seek federal *habeas* relief. However, the Supreme Court's recent decision in "*McDonough* . . . suggests that, post-conviction, a § 1983 claim" such as plaintiff's "accrues only once the conviction has been favorably terminated, regardless of whether *habeas* relief is available." *Williams v. City of N.Y.*, No. 21-CV-3005 (ENV) (RML), 2025 U.S. Dist. LEXIS 193654, at *30 (E.D.N.Y. Sept. 27, 2025).

In any event, the law in this Circuit is clear that, even if an exception to *Heck* applies because plaintiff is no longer in custody, plaintiff's claims accrued upon his release from custody in August 2012 and, therefore, they are now time-barred because the applicable statute of limitations for plaintiff's claims in this action expired in August 2015, more than ten years ago.

Plaintiff's attempts to distinguish the accrual rules set forth in *Opperisano v. Jones*, 286 F. Supp. 3d 450 (E.D.N.Y. 2018) are futile as those rules were not based on or limited to the particular facts of that case. Rather, the court in *Opperisano* first discussed the applicable accrual rules and the rationale and bases behind them before then turning to the application of those rules to the particular facts in that case. *See id.* at 463-64. Moreover, just three weeks ago, another court in this District reaffirmed and confirmed the accrual rules set forth in *Opperisano*, in a case involving an entirely different set of facts. *See Williams*, 2025 U.S. Dist. LEXIS 193654, at *35 ("Generally, for § 1983 claims, 'accrual occurs when the plaintiff has a complete and present cause of action.' 'Likewise, accrual under the *Jenkins/Leather* exception should begin when the section 1983 claim

5

becomes available—once habeas is no longer available despite due diligence.'") (citations omitted).[1]  Plaintiff, on the other hand, desperately asks the Court, without any proper support, to completely disregard the law applicable to his particular claims in this action and instead advocates for clearly inapplicable accrual rules that he wishes could apply here to save his claims.

Because plaintiff's claims are time-barred, his claims can only be saved if the Court were to find that he has sufficiently pled that defendant City is equitable estopped from asserting a statute of limitations defense and/or that the applicable statute of limitations should be equitably tolled.  However, plaintiff's conclusory allegations are woefully deficient in this regard.

"Since New York state law supplies the relevant statute of limitations, it also supplies the relevant tolling rules." *Id.* at *39.  "'New York law does not distinguish between the doctrines [of equitable tolling, equitable estoppel, and fraudulent concealment] and applies the same analysis' to each." *Id.* at *43 n.8 (citation omitted).

Here, plaintiff has not pled that it was impossible for him to learn about his alleged claims, nor can he since he was at all times free to make public records requests and/or speak to Mr. DeJesus about his interactions with ADA Reeves.  Plaintiff has also failed to identify affirmative steps taken to conceal as he cannot simply rely on mere silence or a failure to disclose wrongdoing. Plaintiff also may not rely on the same act that forms the basis for his claims; rather, the later fraudulent misrepresentation must be for the purpose of concealing the former improper act.  *See, e.g., Tenamee v. Schmukler*, 438 F. Supp. 2d 438, 445 (S.D.N.Y. 2006) ("New York law is clear that the same act of non-disclosure cannot underlie both the argument for estoppel and the related

---

[1] Plaintiff has also not sufficiently pled due diligence as he has not sufficiently "explain[ed] what, if any, efforts he made to discovery his *Brady* claims while *habeas* relief was available." *Id.* at *35.  For example, plaintiff has not pled or explained why he did not make an appropriate public records request while he was in custody, which would have uncovered the alleged "smoking gun" documents establishing Mr. DeJesus's pre-testimony hotel stay.

cause of action."); *see also, e.g., Reyes v. Sears Holdings Corp.*, No. 2:17-cv-4719 (RJD) (RML), 2019 U.S. Dist. LEXIS 133787, at *17 (E.D.N.Y. Aug. 7, 2019) ("Equitable estoppel requires at least two wrongful acts—(i) covering up an earlier wrongdoing to prevent plaintiff from (ii) suing on the initial wrong . . . and to conflate the two would mean 'the mere assertion of an underlying wrongful act would always trigger equitable estoppel.'") (citation omitted).

In response, plaintiff incorrectly argues only that defendant City had a duty to disclose and engaged in a "cover-up," emphasizing a supposed continued obligation to disclose under *Brady*. However, "[]the Supreme Court has explained that the prosecutorial duty to disclose exculpatory evidence under Brady is a 'preconviction trial right' that does not apply post-conviction or to post-conviction proceedings." *Ermichine v. United States*, 06 Civ. 10208 (LAP) (JLC), 2011 U.S. Dist. LEXIS 51099, at *38 (S.D.N.Y. May 12, 2011); *see also, e.g., Epps v. City of Buffalo*, No. 19-CV-281-LJV-LGF, 2023 U.S. Dist. LEXIS 83282, at *77 (W.D.N.Y. May 11, 2023) ("[A]fter conviction there is no substantive due process right to the disclosure of *Brady* material under either federal or New York law.") (citing cases). Accordingly, all of plaintiff's claims are time barred.

## POINT III – <u>PLAINTIFF'S CLAIMS ARE BARRED BY HIS CONVICTION</u>

As an initial matter, plaintiff's novel argument that defendant City is equitably estopped from raising the *Heck* bar is completely unsupported by case law. While plaintiff irrelevantly cites to case law concerning the waiver of affirmative defenses (even though the *Heck* bar is not an affirmative defense, *see Cotton v. Noeth*, 96 F.4th 249, 264 (2d Cir. 2024), and, regardless, defendant City has raised the *Heck* bar in its motion to dismiss) and equitable estoppel in general, plaintiff has not cited to a single case anywhere in the country where a court has held that a defendant was equitably estopped from asserting *Heck*. That there is no such case makes sense because such a rule would completely swallow the *Heck* bar in its entirety. For example, how

could *Heck* ever apply in a case involving an alleged *Brady* violation if a plaintiff could simply allege the continued suppression of evidence in order to avoid its application?

Plaintiff further argues that *Heck* does not bar his claims because he is no longer in custody and, thus, no longer able to obtain federal *habeas* relief. However, plaintiff's arguments fail to account for the fact that "no Circuit court, *including* the Second Circuit, has yet to allow unfettered access to section 1983 claims solely because of a present inability to obtain *habeas* relief." *Opperisano v. Jones*, 286 F. Supp. 3d 450, 460 (E.D.N.Y. 2018). Plaintiff's arguments further fail to account for the Supreme Court's pronouncement in *Heck* itself that "the principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10. In addition, plaintiff has failed to cite any case applying an exception to *Heck* where a plaintiff, like him, had the ability to pursue *habeas* relief and did so.

Moreover, plaintiff's attempts to distinguish *Chapman* and *Leach* on their specific facts are futile as they merely serve as examples of courts in this District declining to blindly apply a non-custodial exception to *Heck* in circumstances where it is not warranted, such as where a plaintiff opts to seek relief pursuant to 42 U.S.C. § 1983 instead of seeking reversal of his conviction by way of, *inter alia*, a N.Y. C.P.L. § 440.10 motion.[2] Finally, here, again, plaintiff relies solely on conclusory allegations that the "suppression of *Brady/Giglio* material, use of false arguments at trial, repeated misrepresentations to Maddix, and 30-year suppression and coverup rendered *habeas* review unavailable to him through fault of his own," Dkt. No. 34 at 17, to support his arguments that *Heck* should not apply.[3] Plaintiff's claims are barred by *Heck.*

---

[2]  The unpublished summary order in *Wiggins v. Mellia*, No. No. 14-591-cv, 2023 U.S. App. LEXIS 25389 (2d Cir. Sept. 26, 2023) was not "important" or "clarifying" as it merely referenced the non-custodial exception to *Heck*, which did not apply, in passing. *See id.* at *3-4.

[3]  Plaintiff's contention that he was unable to seek proper relief while in custody is disingenuous where the evidence he claims establishes that ADA Reeves coerced Mr. DeJesus to testify at his

**POINT IV – <u>PLAINTIFF'S CLAIMS ARE BARRED BY *ROOKER-FELDMAN*</u>**

In an attempt to avoid the application of the *Rooker-Feldman* doctrine, plaintiff states, for the first time, and contrary to the allegations in his pleading, that his alleged damages are limited to those "inflicted *before* the state court judgment was entered – i.e., between July 20, 1994, when the *Brady/Giglio* material was suppressed and August 21, 1994, when the judgment was entered" and those associated with his "post-conviction coverup claims stemming from Defendants' misconduct *after the state judgment was entered*." Dkt. No. 34 at 20-21 (emphasis in original). Nevertheless, plaintiff's claims still fail even under this newly developed and truncated damages theory.

First, during the three-week period between when the criminal court issued the material witness warrant for Mr. DeJesus on July 30, 1994[4] and when judgment was entered on August 21, 1994, plaintiff was facing a criminal trial, and that trial was not based solely on the testimony of Mr. DeJesus. In addition, even had Mr. DeJesus's pre-testimony weekend hotel stay been disclosed, there is no reason to think that the trial would not have continued in the same manner, nor does plaintiff allege that it would not have. In other words, plaintiff cannot establish any independent damages caused by the alleged failure to disclose Mr. DeJesus's hotel stay. Similarly, even assuming *arguendo* that there was a "cover-up" as plaintiff conclusorily alleges, plaintiff has not explained how his alleged post-conviction damages are independent from the conviction itself. Accordingly, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

---

criminal trial – documents which demonstrate merely that Mr. DeJesus stayed in a hotel room paid for by the KCDA over the weekend prior to his testimony – was obtained last year through a public records request he never bothered to make sooner.

[4] Plaintiff mistakenly states July 20, 1994, in his opposition. Moreover, as discussed, plaintiff has not sufficiently alleged the existence of *Brady/Giglio* material or its suppression.

**POINT V – PLAINTIFF CANNOT PLEAD A CONSTITUTIONAL VIOLATION BECAUSE ADA REEVES IS PROTECTED BY ABSOLUTE IMMUNITY**

In its initial memorandum, defendant City explained that plaintiff's municipal liability claims against defendant City should be dismissed because ADA Reeves's conduct is "protected by absolute immunity, and, without any underlying constitutional violation, [plaintiff] ha[s] no grounds for a Monell claim." *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021).

In his opposition, plaintiff misconstrues and misrepresents the Second Circuit's holding in *Malik*. In *Malik*, the Second Circuit first found that the individual defendants were protected by absolute immunity. *See id.* at 285. Because the individual defendants were entitled to absolute immunity, the Second Circuit held that the plaintiff had failed to plausibly allege any underlying constitutional violation. *See id.* Without any underlying constitutional violation, plaintiff could not maintain a *Monell* claim. *See id*. Similarly, here, it is not disputed that ADA Reeves, who was initially named as a defendant and then subsequently dismissed during pre-motion practice, is entitled to absolute immunity for his alleged acts, which form the basis of plaintiff's alleged underlying constitutional violations. Thus, plaintiff is unable to allege any underlying constitutional violation, and he cannot maintain a *Monell* claim against the City as a result. *See, e.g., Lewis v. Essex Cty.*, No. 8:24-CV-100 (MAD/CFH), 2024 U.S. Dist. LEXIS 184013, at *13 (N.D.N.Y. Oct. 8, 2024) ("Plaintiff did not identify an underlying constitutional violation sufficient to support a municipal liability claim because [P]laintiff has failed to state a claim that a person, who is not entitled to absolute immunity, . . . deprived him of a constitutional right") (internal quotation marks and citation omitted).[5]

---

[5] Plaintiff's citation to a footnote in *Anilao* is dicta concerning an argument that was not raised in the briefing before the court. In addition, the courts in *Bellamy*, *Walker* and *Collins* did not address the pertinent issue and the argument defendant City raises here was not raised in those cases.

10

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its initial memorandum of law, defendant City of New York respectfully requests that the Court grant its motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety and dismiss all claims that are asserted against it in the First Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           October 14, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-2351

By: /s/ *Kavin Thadani*
     Kavin Thadani
     *Senior Counsel*[6]

cc:    **VIA ECF**
       All Counsel of Record

---

[6] In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 3,502. I have relied on the word count function of Microsoft Word to determine that number.