THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222  |  ANDREW@STENGELLAW.COM  |  (212) 634-9223 (FAX)

March 21, 2026

**By ECF**
Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Maddix v. The City of New York, et al.*  **25 CV 1909 (HG)**

Dear Judge Gonzalez:

We represent Plaintiff Willie Maddix in his 42 U.S.C. § 1983 action arising from his wrongful conviction and 19-year imprisonment.

I write to provide the Court with the Supreme Court's decision in *Olivier v. City of Brandon,* 24-993 issued on March 20, 2026.  One of the questions presented in *Oliver* was if *Heck v. Humphrey*, 512 U.S. 477 (1994) bars claims by plaintiffs who never had access to *habeas corpus* relief.  The Supreme Court did not address the issue, ruling instead that Oliver's claim for prospective relief did not fall under *Heck*.

As such, the Supreme Court's did not disturb Second Circuit jurisprudence holding *Heck* does not bar a § 1983 action when a plaintiff, like Maddix, is not in custody and thus does not have access to federal *habeas corpus*.  *See e.g. John v. Lewis,* 2017 WL 1208428, at *7 (E.D.N.Y. Mar. 31, 2017) (Chen, J.) ("It is Second Circuit law that a plaintiff not in State custody, who thus does not have a *habeas corpus* remedy available, may bring a [section] 1983 action, even if a successful claim would necessarily imply the invalidity of his conviction."), Plaintiff's Memorandum of Law in Opposition to the City's Motion to Dismiss, ECF Doc. No. 34 pp. 15-19 (citing Second Circuit case law).

We thank the Court for its consideration.

Respectfully submitted,

Andrew Stengel

Encl.