**STEVEN BANKS**
*Corporation Counsel*



**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
kthadani@law.nyc.gov

March 23, 2026

<u>**BY ECF**</u>
Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   <u>Willie Maddix v. City of New York, et al.</u>, 25 CV 1909 (HG)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City respectfully writes in response to plaintiff's March 21, 2026 letter.  *See* Dkt. No. 38.

As an initial matter, it is entirely unclear why plaintiff felt compelled to file a letter while the defendants' motions to dismiss are pending before the Court concerning a case plaintiff contends has no bearing on the issues to be decided by the Court.  In any event, plaintiff's letter is mistaken.

First, as discussed in defendant City's motion to dismiss, plaintiff's blanket contention that "Second Circuit jurisprudence hold[s] *Heck* does not bar a § 1983 action when a plaintiff, like Maddix, is not in custody and thus does not have access to federal *habeas corpus*" is inaccurate. *See* Memorandum of Law in Support of Defendant City of New York's Motion to Dismiss the First Amended Complaint ("Defs. Mot.") (Dkt. No. 30) at 7-8; Reply Memorandum of Law in Further Support of Defendant City of New York's Motion to Dismiss the First Amended Complaint ("Defs. Reply") (Dkt. No. 36) at 8.

Second, while the United States Supreme Court's decision in *Olivier v. City of Brandon* did not explicitly address the question of whether *Heck* bars a plaintiff's claim when "he was never in custody," (Dkt. No. 38-1) at ECF p. 9, notably, the plaintiff in *Olivier*, likely understanding the futility in doing so, did not challenge his prior conviction or seek monetary damages in connection with it, as plaintiff Maddix does here, but rather sought prospective relief.  Indeed, the Supreme Court's decision makes it a point to clarify at the outset that the plaintiff's suit "requests only forward-looking relief – nothing to do with [his] prior conviction."  *Id.* at ECF p. 5; *see also id.* at

ECF p. 7 ("[T]he relief requested is only prospective; Olivier seeks neither the reversal of, nor compensation for, his prior conviction.  And Olivier has since made clear that he has no interest in using a favorable judgment in this suit to later get his record expunged or avoid his conviction's collateral effects.").

The Supreme Court further clearly and broadly reiterated, in unqualified terms, that "*Heck* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain . . . monetary damages."  *Id.* at ECF p. 5.[1]

Finally, as defendant City explained in its motion to dismiss, even if *Heck* does not bar plaintiff's claims, there are **four** other reasons why plaintiff's claims should be dismissed.  *See* Defs. Mot. at 10-19; Defs. Reply at 1-7, 9-10.

Defendant City thanks for the Court for its consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

cc:  **BY ECF**
All Counsel of Record

---

[1]  Moreover, during oral argument, Justice Alito questioned whether the plaintiff was asking the Supreme Court to "abandon" its opinion set forth in *Heck* that "[t]he principle barring collateral attacks, a longstanding and deeply rooted feature of both the common law and our own jurisprudence, is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."  Dec. 3, 2025 U.S. Supreme Court Oral Argument Transcript at 18:8-17, *Olivier v. City of Brandon*.