THE LAW FIRM OF ANDREW M. STENGEL, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004
(212) 634-9222  |  ANDREW@STENGELLAW.COM  |  (212) 634-9223 (FAX)

April 3, 2026

**By ECF**
Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Maddix v. The City of New York, et al.* 25 CV 1909 (HG)

Dear Judge Gonzalez:

I represent Plaintiff Willie Maddix in this 42 U.S.C. § 1983 action arising from his wrongful conviction and 19-year imprisonment. I write in connection with Defendants' pending Fed.R.Civ.P. 12(b)(6) motions. This letter concerning additional authority is filed without leave of the Court pursuant to Your Honor's Individual Practice Rule Part IV.B.4.

In opposition to Defendants' motions, we urged the Court to heed the Second Circuit's admonition to avoid deciding whether the non-custodial exception to *Heck v. Humphrey*, 512 U.S. 477 (1994) applies in Plaintiff's case, and to instead deny Defendants' motions based on equitable estoppel grounds. ECF Doc. No. 34 pp. 8-14. We argued this was appropriate because, among other things, the Supreme Court was at the time considering *certiorari* in *Wilson v. Midland County*, Doc. No. No. 24-672, which asked if non-custodial plaintiffs must exhaust state court remedies before bringing their § 1983 actions. ECF Doc. No. 34 pp. 8-9.

On March 30, 2026, the Supreme Court denied *certiorari* in *Wilson v. Midland County*, Doc. No. No. 24-672. *Wilson* thus has no further bearing on if this Court should grapple with the non-custodial exception to *Heck*, and does not disturb the body of Second Circuit case law holding federal courts "should not impose an exhaustion requirement on § 1983." *Jenkins v. Herbert*,179 F.3d 19, 22 (2d Cir. 1999); ECF Doc. No. 34 pp. 18-19.

We thank the Court for its consideration.

Respectfully submitted,

Andrew M. Stengel

cc:  All counsel of record via ECF