

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
kthadani@law.nyc.gov

April 6, 2026

**By ECF**

Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:     <u>Willie Maddix v. City of New York, et al.</u>, 25 CV 1909 (HG)

Your Honor:

      I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney for defendant City of New York ("City") in the above-referenced matter. Defendant City respectfully writes in response to plaintiff's April 3, 2026 letter.  *See* Dkt. No. 40.

      For the second time now, plaintiff has improperly filed a letter while the defendants' motions to dismiss are pending before the Court concerning a "decision" plaintiff contends has no bearing on the issues to be decided by the Court.  Moreover, plaintiff is mistaken about the impact of the United States Supreme Court's decision to deny *certiorari* in *Wilson v. Midland County*, especially considering that, as explained in defendant City's motion to dismiss, in *Wilson*, the United States Court of Appeals for the Fifth Circuit, *en banc*, relying on, *inter alia*, footnote 10 in *Heck*, held that the plaintiff's claims were barred by *Heck* even though the plaintiff was no longer in custody, that it had "no discretion in the matter," and that "the only entities that can say otherwise are Congress and the Supreme Court."  116 F.4th 384, 401 (5th Cir. 2024); *see also* Memorandum of Law in Support of Defendant City of New York's Motion to Dismiss the First Amended Complaint ("Def. Mot.") (Dkt. No. 30) at 8.  By denying *certiorari*, the Supreme Court declined to say otherwise.

      The Fifth Circuit also rejected the plaintiff's argument that "subjecting non-custodial plaintiffs to a favorable termination requirement would read an atextual exhaustion requirement into § 1983," which is the same argument that plaintiff Maddix asserts here, and held that "absent favorable termination, [the plaintiff] doesn't even have a claim to exhaust."  *Wilson*, 116 F. 4th at 400-401; *see also* Def. Mot. at 8 n.1.  In so holding, the Fifth Circuit explained that "*Heck* and its progeny have been clear that favorable termination is an 'element' of all § 1983 claims challenging tainted criminal proceedings" and "[w]ithout it, a claim is not 'cognizable' – which is legally, legally, and practically different than saying the claim is not 'exhausted.'"  *Id.* (citing *Heck v.*

*Humphrey*, 512 U.S. 477, 489 (1994) ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.")).

Defendant City thanks the Court for its consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani

cc:     **BY ECF**
        All Counsel of Record